### ELLEN BARRY *vs.* HORACE CLARKE *et ux.*

A guardian's petition to a probate court, for leave to mortgage the realty of his ward, must be in writing.

*Robbins* v. *Tafft*, 12 R. I. 67, distinguished.

When such a petition had been presented, but a part of the probate records were lost, this court, under Pub. Laws R. I. cap. 681, § 2, of April 12, 1878, may use the inventory to ascertain what realty the petition covered.

A guardian obtained leave, by the usual proceedings before a probate court, to mortgage his ward's realty. He gave a mortgage containing powers of sale.

*Held*, that the powers of sale were void, the formalities imposed by statute upon probate courts, in case of petitions for leave to mortgage, differing materially from those required in case of petitions for leave to sell.

BILL IN EQUITY to annul a mortgage, and for an injunction.

*June* 18, 1880. DURFEE, C. J. The object of this suit is to have the defendant, E. Jane Clarke, enjoined from selling, as

mortgagee, certain real estate belonging to the complainant, under the power of sale in her mortgage, and to have the mortgage deed declared void and set aside as a cloud on the complainant's title. The mortgage was made by William S. Kent, as guardian of the person and estate of the complainant, and bears date of February 2, 1876. The complainant does not deny that Kent was then her guardian, but she denies that he had authority to execute the mortgage. The defendants claim that he had authority by leave of the Court of Probate from which he received his appointment, and that the mortgage is valid. The records of the court contain only the record of a vote, under date of January 8, 1876, that " William S. Kent, guardian of the person and estate of Ellen Barry, was granted leave to raise by mortgage a sum not exceeding $200, for the purpose of paying claims against said estate." The records do not show that any petition in writing for leave to mortgage was ever preferred to the court by the guardian, and without such a petition the court has no jurisdiction, Gen. Stat, R. I. cap. 168, § 11; cap. 169, § 1, the petition being expressly required, in which respect the case at bar is distinguishable from *Robbins* v. *Tafft*, 12 R. I. 67. The defendants, however, claim that such a petition was preferred. They call the guardian as a witness, and he testifies that he presented a petition in writing to the court, and that in compliance with it the court made the vote or decree above recited. The testimony is uncontradicted and unimpeached, and we see no reason to doubt its truth. If then the petition was proper in form, and the decree not fatally defective, it follows that the mortgage, if duly executed, is valid; for of course, if the petition was once duly granted, the loss of a part of the record would not invalidate it.

In some proper way it ought to be made to appear that the guardian had authority to mortgage the particular property which he did mortgage. The decree above recited does not show this. And the testimony relating to the petition does not show what its language was. It appears, however, by the inventory, that the ward had no property except the real property which was mortgaged. We think it is presumable, therefore, that the petition, even if it did not specify the property, must at least have asked leave to mortgage the estate or the real estate of the ward;

and it would follow that the court, in granting it, must have granted, and must have understood it was granting, leave to mortgage what was afterwards mortgaged. The question is whether we are entitled to have recourse to the inventory to supply a defect in the record. We think we are, under the recent statute. Pub. Laws R. I. cap. 681, § 2, of April 12, 1878.[1] We think therefore that enough appears, or is inferable, to show that the court had jurisdiction, and that the mortgage, if duly executed, was authorized and is valid in so far as it is simply a mortgage. The only objection made to the execution is that the acknowledgment was not properly taken. We think, however, that as between the complainant and the defendant the mortgage is valid whether duly acknowledged or not.

The next question is, is the power of sale contained in the mortgage valid? We think not. The statutes prescribe that a court of probate, before granting the petition of a guardian for leave to sell the real estate of his ward, shall give notice of the pendency of the petition, and that, if the petition is granted, the court shall take fresh security from the guardian. No such notice is required before granting a petition for leave to mortgage. No notice was given in the case at bar. To hold, therefore, that a guardian, having obtained leave to mortgage, is thereby authorized to insert a power of sale in the mortgage, would be to hold that a court of probate can do thus indirectly, without notice and without taking any fresh security, what it is not permitted to do directly until after notice, and on condition that it shall take fresh security.

---

[1] As follows : " SEC. 2. No order, judgment, or decree of a court of probate or town council, which may be appealed from, or in any collateral proceeding when the same shall have not been appealed from, shall be deemed to be invalid, or be quashed for want of proper form, or for want of jurisdiction appearing upon the face of the papers, if the court or council had jurisdiction of the subject matter of such order, judgment, or decree; and in cases appealed from, the appellate court, having jurisdiction of the parties, may allow amendments to be made in the papers filed in any such case to supply any deficiency or correct any errors therein, upon such terms and conditions as the appellate court may deem proper, and may proceed, without reference to the order, judgment, or decree of the court of probate or town council, to enter such judgment as the justice of the case may require."

The injunction on the defendant against selling under the power of sale may be made perpetual.        *Decree accordingly.*

*Charles E. Gorman,* for complainant.

*Stephen A. Cooke, Jr., & Marquis D. L. Mowry,* for respondents.